NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000547
18-JAN-2017
08:11 AM**

NO. CAAP-15-0000547

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellant,
v.
ISAAC JEROME GAUB, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 15-1-097K)

MEMORANDUM OPINION
(By:  Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

The State of Hawaiʻi (**State**) appeals from the "Order Granting Defendant's Motion to Dismiss Count 1 for Lack of Jurisdiction Due to Insufficient Charging Language filed June 30, 2015 Without Prejudice" (**Order Granting Motion to Dismiss**), filed on July 23, 2015, in the Circuit Court of the Third Circuit (**circuit court**).[1]

On appeal, the State contends that the circuit court erred when it granted Defendant-Appellee Isaac Jerome Gaub's (**Gaub**) "Motion to Dismiss Count 1 For Lack of Jurisdiction Due to Insufficient Charging Language" (**Motion to Dismiss**), asserting that Count 1 of the Complaint contained the necessary *mens rea* and the circuit court had jurisdiction over the case.  Count 1 of

---

[1]  The Honorable Ronald Ibarra presided.

the State's Complaint charged Gaub with committing Theft in the Second Degree in violation of Hawaii Revised Statutes (**HRS**) § 708-830(7) (2014) and HRS § 708-831(1)(b) (2014) and/or HRS § 708-830(1) (2014) and HRS § 708-831(1)(b).[2]

For the reasons discussed below, we affirm the circuit court's dismissal of the case without prejudice.

## I. Background

The State contends that the circuit court erred when it granted Gaub's Motion to Dismiss because Count 1 of the Complaint contained the necessary *mens rea* to adequately charge Gaub with Theft in the Second Degree.

Count 1 of the Complaint states:

> On or about the 6th day of April, 2015, in South Kohala, County and State of Hawaii, ISAAC JEROME GAUB **intentionally** received, retained, or disposed of the property of another, TIRE(S) belonging to LEX BRODIE TIRE AND SERVICE, **knowing** that it had been stolen, **with intent** to deprive the owner of the property, and the value of said property exceeded $300.00 and/or obtained or exerted unauthorized control over the property of another, TIRES(S) belonging to LEX BRODIE TIRE AND SERVICE the value of which exceeded $300.00 **with intent** to deprive the owner of the property thereby committing the offense of Theft in the Second Degree, in violation of Section 708-830(7) and 708-831(1)(b) and or 708-830(1) and 708-831(1)(b), Hawaii Revised Statutes, as amended.

(Emphasis added).

In granting the Motion to Dismiss, the circuit court determined, in pertinent part, that:

> 2. The charge of Theft in the Second Degree in Count 1 of the Complaint is defective because it fails to allege the state of mind as to each element of the offense of Theft in the Second Degree.
> 3. The charge alleges the mens rea of "intent to deprive," and this mens rea does not extend to all of the elements of the offense of Theft in the Second Degree.
> 4. Specifically, the State has failed to allege a state of mind with respect to the valuation element of Theft in the Second Degree, as the State has failed to allege that the Defendant intended to steal the

---

[2] The State's Complaint was filed on April 9, 2015, in the District Court of the Third Circuit, South Kona Division, but the case was transferred to circuit court on April 14, 2015. The Complaint charged eighteen counts against Gaub. However, on July 8, 2015, the State filed a "Motion for Nolle Prosequi with Prejudice as [to] Counts 2-18 of [the] Complaint," which was granted, and thus only proceeded with Count 1.

statutorily defined value, in this case $300.00, of the alleged property or to allege that the Defendant knew that the property's value was at least $300.00.

5. The charge of Theft in the Second Degree in Count 1 of the Complaint is therefore defective because it fails to state an offense and fails to give the Defendant adequate notice as to the state of mind required for the offense.

The circuit court thus granted Gaub's Motion to Dismiss "without prejudice."

## II. Discussion

As noted above, Gaub was charged with Theft in the Second Degree pursuant to HRS § 708-831(1)(b)[3] -- which at the time of this case applied when there was theft of "property or services the value of which exceeds $300" -- and based on alternative types of "theft" under HRS § 708-830(1) and (7). The pertinent sections of HRS § 708-830 provide:

§708-830 Theft. A person commits theft if the person does any of the following:

(1) Obtains or exerts unauthorized control over property. A person obtains or exerts unauthorized control over the property of another **with intent** to deprive the other of the property.

. . . .

(7) Receiving stolen property. A person **intentionally** receives, retains, or disposes of the property of another, **knowing** that it has been stolen, **with intent** to deprive the owner of the property. It is prima facie evidence that a person knows the property to have been stolen if, being a dealer in property of the sort received, the person acquires the property for a consideration that the person knows is far below its reasonable value.

(Emphasis added.)

"Where the statute sets forth with reasonable clarity all essential elements of the crime intended to be punished, and fully defines the offense in unmistakable terms readily comprehensible to persons of common understanding, a charge drawn

---

[3] At the time the Complaint was filed in this case, §708-831(1)(b) stated in pertinent part:

§708-831 Theft in the second degree. (1) A person commits the offense of theft in the second degree if the person commits theft:

. . . .

(b) Of property or services the value of which exceeds $300[.]

in the language of the statute is sufficient." State v. Jendrusch, 58 Haw. 279, 282, 567 P.2d 1242, 1245 (1977). Under HRS § 702-205 (2014), "the essential elements of an offense are (1) conduct; (2) attendant circumstances; and (3) results of conduct." State v. Mita, 124 Hawai'i 385, 391, 245 P.3d 458, 464 (2010).

Decisions by the Hawai'i Supreme Court, however, have determined that a charge must also appropriately set out the applicable *mens rea* to satisfy due process concerns. In State v. Nesmith, 127 Hawai'i 48, 53, 276 P.3d 617, 622 (2012), the supreme court noted that "[i]n some cases, however, a charge tracking the language of the statute defining the offense nevertheless violates an accused's due process rights." Though not an element of the offense, states of mind or *mens rea* are "required to be included in the charges against the defendants in order 'to alert the defendants of precisely what they needed to defend against to avoid a conviction.'" State v. Gonzalez, 128 Hawai'i 314, 324, 288 P.3d 788, 798 (2012) (quoting Nesmith, 127 Hawai'i at 56, 276 P.3d at 625). Further, "[a] charge that fails to charge a requisite state of mind cannot be construed reasonably to state an offense and thus the charge is dismissed without prejudice because it violates due process." State v. Apollonio, 130 Hawai'i 353, 359, 311 P.3d 676, 682 (2013) (footnote omitted).

### A. *Mens Rea* Related to the Value of the Property

With regard to theft statutes, prior decisions by this court and the Hawai'i Supreme Court support the circuit court's ruling in this case that the *mens rea* of intent applies to the attendant circumstance regarding the value of the property involved in the theft. See State v. Cabrera, 90 Hawai'i 359, 978 P.2d 797 (1999); State v. Mitchell, 88 Hawai'i 216, 965 P.2d 149 (App. 1998). Although both Cabrera and Mitchell addressed whether jury instructions were appropriate, both cases held that the *mens rea* of intent applied with regard to the value of the

property involved in the respective case.

Starting with the earlier case, <u>Mitchell</u> addressed the *mens rea* for the valuation element of Theft in the Second Degree associated with a charge based on HRS § 708-831(1)(b) and HRS § 708-830(1), which is similar to one part of the charge against Gaub in this case. In <u>Mitchell</u>, this court held that "[p]ursuant to HRS § 702-207 (1993),[4] the state of mind of 'intent' applies to each material element of the offense." 88 Hawai'i at 222, 965 P.2d at 155. This court concluded:

> "[t]he material elements of theft in the second degree are, therefore, that the defendant *intended* to: (1) obtain or exert unauthorized control over the property of another, HRS § 708-830(1); (2) deprive the other of his or her property, *id.*; and (3) deprive another of property that exceeds $300 in value (valuation element). HRS § 708-831(1)(b)."

<u>Id.</u> This court also stated that "[i]n regards to the third, valuation element, the defendant's state of mind is critical" because "the defendant's state of mind with regard to the value of the property determines the grade of the offense, and thus also determines the sentencing that will be imposed upon him or her." <u>Id.</u> at 222-23, 965 P.2d at 155-56.

Subsequently, in <u>Cabrera</u>, the Hawai'i Supreme Court addressed the applicable *mens rea* for the valuation element of Theft in the Second Degree associated with a charge under HRS § 708-831(1)(b) and the type of theft set out in HRS § 708-830(8)(a) (2014).[5] <u>See</u> 90 Hawai'i at 360 n.1, 978 P.2d at 798 n.1. As part of its analysis, the supreme court adopted the analysis from <u>Mitchell</u>. 90 Hawai'i at 366-67, 978 P.2d at 804-05. Moreover, the supreme court stated that

> the legislative history specific to HRS ch. 708, pt. IV, entitled "Theft and Related Offenses," appears to be silent

---

[4] HRS § 702-207 provides: "[w]hen the definition of an offense specifies the state of mind sufficient for the commission of that offense, without distinguishing among the elements thereof, the specified state of mind shall apply to all elements of the offense, unless a contrary purpose plainly appears."

[5] HRS § 708-830(8)(a) addresses Shoplifting and provides: "[a] a person conceals or takes possession of the goods or merchandise of any store or retail establishment, with the intent to defraud."

as to what state of mind the legislature intended to require with regard to the valuation element of the offense of theft. However, a reading of HRS §§ 708-830(8)(a) and 708-831(1)(b) in pari materia . . . with HRS §§ 708-801(4) and (5) (1993 and Supp. 1998), against the back drop of HRS §§ 702-204, 702-205, and 702-206 (1993), sheds some light on the subject.

Id. at 368, 978 P.2d at 806. The supreme court further stated that pursuant to HRS § 702-205, the property value requirement for Theft in the Second Degree ($300)

for purposes of HRS § 708-831(1)(b) . . . is an attendant circumstance of the conduct—i.e., the concealment or taking possession of the goods or merchandise of any store or retail establishment—proscribed by HRS § 708-830(8)(a) . . . put differently, 'value' in excess of $300.00 is the 'attendant circumstance element' of the second degree theft offense, within the meaning of HRS § 702-205.

Id. The supreme court further addressed HRS § 702-204,[6] HRS § 708-801(4) and (5),[7] and HRS § 702-206(1)(b).[8] Id. at 368-69,

---

[6] HRS § 702-204 (2014) provides:

§702-204 State of mind required. Except as provided in section 702-212, a person is not guilty of an offense unless the person acted intentionally, knowingly, recklessly, or negligently, as the law specifies, with respect to each element of the offense. When the state of mind required to establish an element of an offense is not specified by the law, that element is established if, with respect thereto, a person acts intentionally, knowingly, or recklessly.

[7] HRS § 708-801(4) and (5) (2014) provide:

§708-801 Valuation of property or services. Whenever the value of property or services is determinative of the class or grade of an offense, or otherwise relevant to a prosecution, the following shall apply:

. . . .

(4)    When acting intentionally or knowingly with respect to the value of property or services is required to establish an element of an offense, the value of property or services shall be prima facie evidence that the defendant believed or knew the property or services to be of that value. When acting recklessly with respect to the value of property or services is sufficient to establish an element of an offense, the value of the property or services shall be prima facie evidence that the defendant acted in reckless disregard of the value.
(5)    When acting intentionally or knowingly with respect to the value of property or services is required to establish an element of an offense, it is a defense,
                                                        (continued...)

6

978 P.2d at 806-07. Based on all the above provisions, the supreme court concluded,

> insofar as HRS § 708-830(8)(a) expressly recites that "*intent* to defraud" (emphasis added) is the state of mind requisite to the commission of theft by "shoplifting," and in light of HRS § 702-207, which provides in relevant part that "the specified state of mind shall apply to all elements of the offense, unless a contrary purpose plainly appears, . . . it would follow, in any event, that the "intentional" state of mind attaches to all of the elements of the offense, including the attendant circumstance of the value of the property taken. This is precisely the conclusion that the *Mitchell* court reached with respect to second degree theft, in violation of HRS §§ 708-830(1) and 708-831(1)(b).

Id. at 369, 978 P.2d at 807. Thus, the supreme court held that "in order to convict a defendant of theft in the second degree, in violation of HRS §§ 708-830(8)(a) and 708-831(1)(b), the prosecution must prove beyond a reasonable doubt that the accused intended to steal property or services valued in excess of $300.00." Id.

As explicitly decided in Mitchell, the offense charged against Gaub in this case based on HRS §§ 708-831(1)(b) and 708-830(1) requires establishing, *inter alia*, that Gaub had an intentional state of mind regarding the value of the property being in excess of $300. Given this requirement, and in light of the Hawai'i Supreme Court cases related to the inclusion of applicable *mens rea* in charging documents, the charge against Gaub must have reflected the *mens rea* of intent related to the value of the property involved in the alleged theft.

---

[7](...continued)

> which reduces the class or grade of the offense to a class or grade of offense consistent with the defendant's state of mind, that the defendant believed that valuation of the property or services to be less. When acting recklessly with respect to the value of the property or services is required to establish an element of an offense, it is a defense that the defendant did not recklessly disregard a risk that the property was of the specified value.

[8] HRS § 702-206(1)(b) (2014) provides: "[a] person acts intentionally with respect to attendant circumstances when he is aware of the existence of such circumstances or believes or hopes that they exist."

7

We come to the same conclusion with respect to the alternative charge against Gaub based on HRS §§ 708-831(1)(b) and 708-830(7). We recognize that HRS § 708-830(1), discussed in Mitchell, and HRS § 708-830(8)(a), discussed in Cabrera, only contain a single *mens rea* of intent, whereas the language of HRS § 708-830(7) contains both intentional and knowing *mens rea*. However, based on the reasoning in Mitchell and Cabrera, as well as the language of HRS § 708-830(7), we believe it logically follows that the intentional state of mind also attaches to the valuation element for a charge based on HRS §§ 708-831(1)(b) and 708-830(7).

HRS § 708-830(7) states in pertinent part that "[a] person intentionally receives, retains, or disposes of the property of another, knowing that it has been stolen, with the intent to deprive the owner of the property." (Emphasis added.) As previously discussed, HRS § 708-831(1)(b) provided at the time relevant to this case that theft constitutes Theft in the Second Degree when the property or services involved has a value which exceeds $300. In Cabrera, the supreme court determined that the valuation element based on HRS § 708-831(1)(b) was an attendant circumstance to the type of theft set out under HRS § 708-830(8)(a) ("[a] person conceals or takes possession of the goods or merchandise of any store or retail establishment, with intent to defraud")(emphasis added), and that the *mens rea* of intent applied to that valuation element. Cabrera, 90 Hawai'i at 368, 978 P.2d at 806. We see no basis to differentiate for a charge under HRS §§ 708-831(1)(b) and 708-830(7), as in this case. The conduct establishing "theft" under HRS §708-830(7) primarily involves intentional conduct, along with knowing the property is stolen. Consistent with Mitchell and Cabrera, we conclude that the *mens rea* associated with the valuation element of Theft in the Second Degree based on a charge under HRS §§ 708-831(1)(b)

8

and 708-830(7) is intent.[9]

In this case, the Complaint first alleges that Gaub "<u>intentionally</u> received, retained, or disposed of the property of another, TIRE(S) belonging to LEX BRODIE TIRE AND SERVICE, <u>knowing</u> that it had been stolen, <u>with intent</u> to deprive the owner of the property, <u>and the value of said property exceeded $300.00</u>." (Emphasis added.) This language, which seeks to charge under HRS §§ 708-831(1)(b) and 708-830(7), cannot reasonably be read such that Gaub was put on notice that he committed the alleged conduct with the intent that the value of the property exceeded $300.

Likewise, the second part of the charge reads that Gaub "obtained or exerted unauthorized control over the property of another, TIRE(S) belonging to LEX BRODIE TIRE AND SERVICE the value of which exceeded $300.00 <u>with intent</u> to deprive the owner of the property." (Emphasis added.) This portion of the charge, which seeks to charge under HRS §§ 708-831(1)(b) and 708-830(1), again cannot reasonably be read such that Gaub was put on notice that he committed the alleged conduct with the intent that the value of the property exceeded $300.

Because the Complaint cannot reasonably be read to allege that the *mens rea* of intent attaches to the valuation element for each of the alternate grounds for the charge, Gaub was not alerted "of precisely what [he] needed to defend against

---

[9] We note that, under HRS § 702-206 (2015), acting "intentionally" and "knowingly" with respect to attendant circumstances is somewhat similar. HRS § 702-206 provides, in relevant part:

**§702-206 Definitions of states of mind.**
(1) "Intentionally."
. . .
(b) A person acts intentionally with respect to attendant circumstances when he is aware of the existence of such circumstances or believes or hopes that they exist.

. . .
(2) "Knowingly."

. . .
(b) A person acts knowingly with respect to attendant circumstances when he is aware that such circumstances exist.

to avoid a conviction." See Gonzalez, 128 Hawai'i at 324, 288 P.3d at 798 (citation omitted). The circuit court did not err in granting Gaub's Motion to Dismiss on these grounds.

### B. *Mens rea* for "obtains or exerts .unauthorized control over property"

The State also challenges the circuit court's granting of the Motion to Dismiss because it contends the Complaint sufficiently alleged the *mens rea* as to the portion of the charge stating that Gaub "obtained or exerted unauthorized control over the property of another," which is based on HRS § 708-830(1).

HRS § 708-830(1) provides that a person commits theft when "[a] person obtains or exerts unauthorized control over the property of another <u>with intent</u> to deprive the other of the property." Thus, the statute does not expressly provide a *mens rea* before the language "obtains or exerts unauthorized control over the property of another." However, as held in <u>Mitchell</u>,

> [t]he material elements of theft in the second degree are, therefore, that the defendant *intended* to: (1) obtain or exert unauthorized control over the property of another, HRS § 708-830(1); (2) deprive the other of his or her property, *id.*; and (3) deprive another of property that exceeds $300 in value (valuation element). HRS § 708-831(1)(b).

<u>Mitchell</u>, 88 Hawai'i at 222, 965 P.2d at 155. Thus, under <u>Mitchell</u>, the *mens rea* of intent also attaches to obtaining or exerting unauthorized control over the property of another.

Here, the relevant portion of the charge under HRS § 708-830(1) tracks the language of the statute and does not specify the *mens rea* of intent before the conduct of obtaining or exerting unauthorized control. Given the requirements under <u>Mitchell</u>, the charge does not sufficiently inform Gaub that he must have had the intent to obtain or exert unauthorized control over the tires and he was not alerted of what he needed to defend against to avoid a conviction. <u>See</u> <u>Gonzalez</u>, 128 Hawai'i at 324, 288 P.3d at 798.

### C. Jurisdiction

The State contends that the circuit court erred to the extent its grant of the Motion to Dismiss indicated a lack of jurisdiction. It does not appear, however, that the circuit

court determined that it lacked jurisdiction based on the deficient charge. It appears that the confusion arises because Gaub's motion was titled "Motion to Dismiss Counts 1 for Lack of Jurisdiction Due to Insufficient Charging Language." In any event, on appeal, both parties agree that the issue of jurisdiction was settled in State v. Schwartz, 136 Hawai'i 258, 361 P.3d 1161 (2015), which concluded that "[s]ubject matter jurisdiction is not abrogated by a charging instrument that fails to allege a culpable state of mind or a statutory element defining the offense[.]" 136 Hawai'i at 263-72, 282, 361 P.3d at 1165-75, 1185.

Thus, the circuit court's jurisdiction was not compromised because of its determination that the Complaint was deficient.

### III. Conclusion

Based on the above, the Order Granting Motion to Dismiss filed on July 23, 2015, by the Circuit Court of the Third Circuit, which dismissed Count I without prejudice, is affirmed.

DATED: Honolulu, Hawai'i, January 18, 2017.

On the briefs:

Dale Yamada,
Deputy Prosecuting Attorney,
for Plaintiff-Appellant.

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge